Decree affirmed and appeal dismissed, at the costs of the appellant.

---

## Appeal of Mary Schultz et al.

---

## Ruffing's Estate.

Upon appeal from a decree of the orphans' court, the record must be so shown in the appellant's paper book as to give the supreme court intelligent information of the facts on which the court below acted, or the decree will be affirmed and the appeal dismissed.

(Decided May 2, 1887.)

Appeal from a decree of the Orphans' Court of Schuylkill County confirming the appraisement of a decedent's real estate and setting aside the said real estate to his widow. Affirmed.

The paper book for the appellants contained the names of the parties and nature of the proceedings; a history of the case; the decree made; the assignments of error; and an argument for appellants, but not the record.

The history of the case was as follows:

John Ruffing was a resident of Tamaqua, Schuylkill county; he owned a house and lot of ground in Tamaqua, but no personal property, at the time of his death. He died March 28, 1875, intestate, leaving two children, Mary Schultz and Eva Close, and Mary his widow, the appellee.

The appellee was married in December, 1877, to one John Homan, her present husband, with whom she is still living. During her widowhood she did not take out letters of administration nor claim the benefits of the exemption. On March 6, 1885, the appellee took out letters of administration on the estate of her late husband; and appraisers were appointed by herself to value and appraise said real estate which she selected under a claim of exemption. On June 1, 1885, the appraisers filed what purported to be their report appraising said real estate at the sum of $200. On June 22, 1885, exceptions were filed on behalf of the heirs, Mary Schultz and Eva Close, to the confirmation of this report. On November 23, 1885, the court overruled the exceptions and confirmed the appraisement absolutely, from which ruling Mary Schultz and Eva Close, the exceptants, appeal.

This appellee has lain by from the time of Ruffing's death, March 28, 1875, until May 23, 1885, making upwards of ten years' time, without administering on this estate or taking any steps towards claiming exemption.

On June 1, 1885, a paper purporting to be an appraisement and an election by her to take this house and lot under the act of 1851, as widow of John Ruffing, deceased, in the name of Mary Homan, was filed, and her claim was not presented to court until June 1, 1885, which was confirmed and made absolute November 23, 1885.

We have no rule of court regulating proceedings under either the act of April 9, 1849, or the act of April 14, 1851; these acts are *in pari materia*. The practice is generally, under the act of 1851, that notice of the claim must be given to the executor or administrator to have property appraised to the value of $300.

This appellee says she was married in December, 1877, to Jacob Homan, her present husband; she never took out letters of administration until May 6, 1885; neither Mary Schultz nor Eva Close had notice of the time and place of appraisement;

it was a secret matter to them, and the property was appraised to her at a price greatly below its value, to wit: $200.

These appellants claim that they were entitled to notice of the time and place of holding the appraisement, and in this respect the appraisement was invalid and void. The appellants claim that the appraisement was not made according to law and that they are not bound by it. These appellants claim that the appellee, having remarried before she made her claim, waived all right to exemption, if she had any; that she was bound to make her claim in a reasonable time, which she has not done; that upon her remarrying she ceased to be Ruffing's widow, and not entitled to exemption as the widow of Ruffing; that there was such laches on her part, from the time of death of Ruffing, her first husband, until she took out letters, as forfeits her claim to exemption, if there was nothing else, and the confirmation by the court could not aid such void act, and this court should set it aside.

The decree and the assignments of error sufficiently appear from this history of the case.

*J. Wright* for appellants.

PER CURIAM:

This record, as shown in the paper book submitted, gives us no intelligible information of the facts on which the court acted. There is nothing shown to convict the court of any error in making the decree; therefore,

Decree affirmed and appeal dismissed, at the costs of the appellants.